UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 9:25-CR-80087-DAMIAN

UNITED STATES OF AMERICA,

    Plaintiff,

v.

EDGAR VASQUEZ-MENDEZ,

    Defendant.
_____/

## REPORT AND RECOMMENDATION ON CHANGE OF PLEA

This cause is before the undersigned United States Magistrate Judge upon order of reference from the Honorable Melissa Damian, United States District Judge. DE 16. The Court held a hearing on August 11, 2025, to permit Defendant Edgar Vasquez-Mendez to change his plea. Assistant United States Attorney Corey O'Neal appeared on behalf of the Government. Assistant Federal Public Defender Robert Berube appeared on behalf of Defendant, who was present.

1. The Court placed Defendant under oath for the hearing.

2. Defendant stated that he understands the English language, was fully able to understand the Court and his attorney, and did not require an interpreter.

3. The Court advised Defendant of his right to have the District Judge assigned to this case conduct the hearing. The Court advised that it was conducting the hearing at the request of Defendant, his attorney, and the Assistant United States Attorney assigned to the case. The Court advised that the District Judge assigned to the case will be the sentencing Judge, will schedule and conduct the sentencing hearing, and will make all findings and rulings concerning Defendant's

sentence. The Court advised that Defendant did not have to permit the Court to conduct the hearing to change his plea and could request that the District Judge conduct the hearing instead. Defendant, his attorney, and the Assistant United States Attorney all consented to have a United States Magistrate Judge conduct the hearing to change Defendant's plea.

4. The Court conducted the plea colloquy in accordance with the outline set forth in the Bench Book for District Judges and in conformity with the requirements of Federal Rule of Criminal Procedure 11.

5. There is no written plea agreement in this case. Defendant stated that he understood the Indictment and wished to plead guilty.

6. Defendant pled guilty to the single crime charged in the Indictment, illegal reentry of an alien after removal from the United States, in violation of 8 U.S.C. § 1326(a). DE 3.

7. The Court reviewed with Defendant the statutory maximum penalties and any minimum mandatory penalties applicable to the crime to which he pled guilty. Defendant acknowledged that he understood the penalties that apply in this case. The Court also advised Defendant of the possibility of his removal from the United States after sentencing as an additional consequence of his guilty plea. Defendant acknowledged that he and his attorney have discussed the possibility of removal.

8. The parties submitted a written factual proffer, which was signed by Defendant, his attorney, and the Assistant United States Attorney. The Assistant United States Attorney summarized the factual proffer for the record. Defendant acknowledged that he signed the factual proffer, understands it, and has had the opportunity to fully discuss it with his attorney. Defendant agreed that the factual proffer is true and correct and accurately sets forth the facts in his case as

he understands them to be.  Having reviewed the factual proffer, the Court finds that it sets forth each of the essential elements of the crime to which Defendant pled guilty.

9. Based on the foregoing and the plea colloquy, the Court finds that Defendant pled guilty freely, knowingly, intelligently, and voluntarily.  The Court accepts the guilty plea.

10. The United States Probation Office will conduct a pre-sentence investigation and will issue a report for sentencing purposes.

**ACCORDINGLY**, this Court recommends that the District Court accept Defendant's guilty plea to illegal reentry of an alien after removal from the United States, in violation of 8 U.S.C. § 1326(a), adjudicate Defendant guilty of that crime, and conduct a sentencing hearing for the final disposition of this case.

The parties have **three days** from the date of this Report and Recommendation within which to file objections, if any, with Judge Damian.  Under Federal Rule of Criminal Procedure 59(b)(2), failure to file a timely objection to this Report and Recommendation waives a party's right to review and bars the party from attacking on appeal any legal rulings or factual findings contained herein.

**DONE AND RECOMMENDED** in Chambers at Fort Lauderdale, Florida, this 12th day of August, 2025.

PANAYOTTA AUGUSTIN-BIRCH
UNITED STATES MAGISTRATE JUDGE